UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAVINIA PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01753-MPB-TAB |
| | ) | |
| BRICKYARD HEALTHCARE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER**

Upon consideration of the Plaintiffs' Unopposed Motion for Approval of the Settlement, and upon consideration of the supporting exhibits, including the Settlement Agreement between Named Plaintiff Lavinia Prince and Defendants Brickyard Healthcare, Inc.; Brickyard LP; and Merrillville Operating, LLC, the Motion is GRANTED.

The parties have entered into a FLSA Collective Action Settlement, which if approved would resolve this FLSA Collective Action. Upon review and consideration of the motion papers and the Settlement Agreement and the exhibits thereto, including the proposed forms of notice to the FLSA Collective ("Notice"), the Court finds that there is sufficient basis for (a) granting approval of FLSA Collective Settlement Agreement: (b) certifying the FLSA collective for settlement purposes only; (c) approving the Parties' proposed form and method of notice to the FLSA Collective of the settlement; (d) approving the Parties' proposed Notice and the procedures set forth in the Settlement for individuals to opt-in to the settlement, and directing that notice be disseminated to the FLSA Collective pursuant to the terms of the Settlement; and

(e) approving Plaintiffs' Counsel's application for attorneys' fees and costs, and Named Plaintiff Prince's service award. The Court hereby FINDS and ORDERS the following:

1. This Action is certified as a collective action under the FLSA for purposes of the settlement pursuant to 29 U.S.C. § 216(b). The certified collective is defined as any hourly worker Defendants employed from September 2, 2019 to the date in which the settlement agreement is fully executed, who was paid an overtime rate that did not account for the extra shift bonuses that he/she was paid in the same week.

2. This Order hereby adopts and incorporates by reference the terms and conditions of the FLSA Collective Action Settlement Agreement ("Settlement Agreement") together with the definitions and terms used and contained therein.

3. The Court finds that it has jurisdiction over the subject matter of the Action and over all parties to the action, including all members of the FLSA Collective.

4. The Notice fully and accurately informs the FLSA Collective of all material elements of the proposed settlement; is the best notice practicable under the circumstances; is valid, due, and sufficient notice to the FLSA Collective; and complies fully with due process. The Notice fairly and adequately describes the settlement and provides the FLSA Collective with adequate instructions and a variety of means to obtain additional information.

5. The Settlement Agreement, which is attached as Exhibit 2 to the Memorandum in Support of Approval of the Settlement is fair and reasonable. It was negotiated and entered into at arm's length and in good faith, within the range of judicial approval, and the product of *bona fide* disputes over liability and therefore approved. The Court hereby directs the consummation of the Settlement Agreement's terms and provisions.

6. The Court hereby directs RG/2 Claims Administration LLC to act as the independent Settlement Administrator, consistent with the terms of the Settlement Agreement.

7. Defendants shall issue payment of the Settlement Amount of $215,000.00 to RG/2 Claims Administration LLC within 10 days of this order in the following manner:

8. The Service Award of $5,000 to Named Plaintiff Lavinia Prince is approved, and RG/2 Claims Administration LLC shall issue payment promptly upon receipt of the Common Fund Amount by Defendants.

9. Plaintiffs' Counsel's request for payment of out-of-pocket costs and payment of attorneys' fees in the total amount of $84,887.17 is approved and to be paid by RG/2 Claims Administration LLC promptly upon receipt of the Common Fund Amount.

10. All putative FLSA Collective Members have been, and will be, given notice and a full and fair opportunity to join the Settlement, benefit from its provisions, and be bound by the release, or to withhold their consent and retain their rights. Accordingly, the terms of the Settlement Agreement and of the Court's Order shall be forever binding on all those individuals who opt-in to the Settlement by cashing their checks as outlined in the Notice to the FLSA Collective and further communications with the FLSA Collective Members. These participating FLSA Collective Members will release and forever discharge Defendant and the Released Parties for any and all Released Claims as set forth in the Settlement Agreement.

11. This action is dismissed with prejudice. Counsel for the Parties are authorized to jointly use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice that they jointly agree are reasonable and necessary.

12. The Court retains jurisdiction over the claims alleged and the Parties in the Lawsuit to implement and supervise the Parties' Agreement and enforce the terms of this settlement.

13. The Parties are hereby ordered to comply with the terms of the Settlement.

SO ORDERED.

Dated: January 23, 2024

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.